UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CORRINE SAINT AUBIN,

    Plaintiff,

v.                                                      Case No:   2:17-cv-300-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Corrine Saint Aubin's Complaint, filed on June 2, 2017. (Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for disability. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum detailing their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to §§ 202(e) and 205(g) of the Social Security Act, 42 U.S.C. § 402(e), 42 U.S.C. § 405(g), and 42 U.S.C. §§ 1382 *et seq*.

I.     **Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    A.     **Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work or any

other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

To be eligible for widow's disability benefits, a claimant must be a widow of a deceased worker, attain the age of 50, must be unmarried (unless certain exceptions apply), and must have a disability that began before the end of the prescribed period. 42 U.S.C. § 402(e); (Tr. at 17). The prescribed period ends on the month before the month in which the claimant attains the age of 60 or, if earlier, either 7 years after the worker's death or 7 years after the widow was last entitled to survivor's benefits, whichever is later. 42 U.S.C. § 402(e); (Tr. at 17-18). Here, the prescribed period began on October 12, 2012, the date the wage earner died. (Tr. at 18, 185). Therefore, Plaintiff must establish that her disability began on or before March 31, 2018 in order to be entitled to a disabled widow's benefit. (*Id.*).

**B.     Procedural History**

Plaintiff filed applications for disability insurance benefits, supplemental security income, and disabled widow's benefits. (Tr. at 179-97). Plaintiff asserted an onset date of May 1, 2004. (*Id.* at 179). The claim was denied initially on February 18, 2013 and on reconsideration on May 29, 2013. (*Id.* at 84, 99). Administrative Law Judge Hortensia Haaversen ("ALJ") held a hearing on August 18, 2015. (*Id.* at 38-70). The ALJ issued an unfavorable decision on December 22, 2015. (*Id.* at 17-31). The ALJ found Plaintiff not to be under a disability from May 1, 2004, through the date of the decision. (*Id.* at 31).

On April 5, 2017, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-6). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on June 2, 2017. This

case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 20).

C. **Summary of the ALJ's Decision**

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ stated that "[i]t was previously found that the claimant is the unmarried widow of the deceased insured worker and has attained the age of 50. The claimant met the non-disability requirements for disabled widow's benefits set forth in section 202(e) of the Social Security Act." (Tr. at 19). Further, the ALJ determined that the prescribed period ends on March 31, 2018. (*Id.*).

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 1, 2004, the alleged onset date. (*Id.*). At step two, the ALJ

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

determined that Plaintiff suffered from the following severe impairments: "rheumatoid arthritis, fibromyalgia, recurrent kidney stones with related urinary tract infections, hypertension, diabetes, and obesity (20 [C.F.R. §] 404.1520(c))." (*Id.* at 20). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (*Id.* at 23).

At step four, the ALJ found the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except that: she can lift and carry 20 pounds occasionally and 10 pounds frequently; she can stand or walk for about six hours in an eight hour workday; she can sit for about six hours in an eight hour workday; she can frequently climb ramps or stairs; she can occasionally climb ladders, ropes, or scaffolds; and she can occasionally balance, stoop, kneel, crouch, or crawl (Based on the May 29, 2013 opinion of State agency medical consultant Lionel Henry, M.D., at Exhibit 3A, pages 10-13).

(*Id.* at 24).

The ALJ determined that Plaintiff was capable of performing her past relevant work as a hair salon stylist and owner and this work did not require the performance of work-related activities precluded by Plaintiff's residual functional capacity ("RFC"). (*Id.* at 29).

Alternatively, at step five, the ALJ determined that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.*). The ALJ noted that the vocational expert identified the following representative occupations that Plaintiff was able to perform: (1) ticket seller, DOT # 211.467-030, light exertional level, SVP 2; (2) information clerk, DOT # 237.367-018, light exertional level, SVP 2; and (3) cashier II, DOT # 211.462-010, light exertional level, SVP

2. (Tr. at 30-31).[2] The ALJ concluded that Plaintiff was not under a disability from May 1, 2004, through the date of the decision. (*Id.*).

   D.     **Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

---

[2] "DOT" refers to the *Dictionary of Occupational Titles*.

## II. Analysis

On appeal, Plaintiff raises the following issue: whether the ALJ offered good cause for rejecting Dr. Laufer's opinion. (Doc. 24 at 10). The Court addresses this issue below.

Plaintiff contends that the ALJ found Dr. Laufer's opinion to be entitled to minimal weight because: (1) Dr. Laufer gave undue deference to Plaintiff's subjective complaints of pain; (2) Dr. Laufer's opinion was inconsistent with his treatment notes; (3) Dr. Laufer last saw Plaintiff more than a year before the hearing; and (4) Dr. Laufer's findings were inconsistent with his physical examination. (*Id.* at 11). Plaintiff claims that none of these findings are supported by substantial evidence. (*Id.*).

The Commissioner argues that the ALJ properly evaluated Dr. Laufer's opinion and substantial evidence supports the weight the ALJ afforded Dr. Laufer's opinion. (*Id.* at 14). The Commissioner further argues that the ALJ provided good reasons for giving minimal weight to Dr. Laufer's opinion. (*Id.* at 16). The Commissioner contends that the ALJ specifically noted that Dr. Laufer appeared to base his opinion in large part on Plaintiff's subject complaints of pain and that Plaintiff saw Dr. Laufer over a year before the date of the decision. (*Id.* at 16). Further, the Commissioner asserts that the ALJ noted that Dr. Laufer found Plaintiff's fibromyalgia and arthritis severe, but on physical examination found no neck tenderness, no clubbing, and no cyanosis of the extremities. (*Id.*). Thus, the Commissioner argues that the ALJ did not err in weighing Dr. Laufer's opinion. (*Id.*).

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's RFC determination at step four. *See Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and

6

severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

Dr. Laufer completed a Medical Statement Regarding Fibromyalgia for Disability Claim and Residual Functional Capacity Questionnaire on October 24, 2014. (Tr. at 1201-1203). Dr. Laufer found Plaintiff had: a history of widespread pain that lasted for three or more months; stiffness; irritable bowel syndrome; tension headaches; sleep disturbance; and chronic fatigue. (*Id.* at 1201). Dr. Laufer found that Plaintiff could sit for 8 hours, could stand for 0 hours, and could walk for 1 hour. (*Id.* at 1202). Dr. Laufer further found that Plaintiff could work 0 hours because Plaintiff worked as a hair stylist and was unable to hold up her arms. (*Id.*). Dr. Laufer also found that: Plaintiff can frequently lift and carry up to 10 lbs. and occasionally lift and carry from 11 to 20 lbs.; Plaintiff cannot use her hands for grasping pulling or manipulation, but can

7

occasionally bend, squat, crawl, climb, reach above, stoop, crouch, and kneel; and Plaintiff has severe pain. (*Id.* at 1202-1203).

In this case, the ALJ discussed Michael Laufer, M.D.'s opinion and stated four (4) reasons why she afforded Dr. Laufer's opinion minimal weight. The Court addresses each reason in turn and finds that these reasons are not supported by substantial evidence.

First, the ALJ found that there was "essentially no support for the treating physician opinion at Exhibit 28F, which is from the claimant's primary care physician." (Tr. at 26). The ALJ determined that the most recent medical evidence – which came from Dr. Laufer's records – showed routine and conservative care and that "problems appear more based on the claimant's subjective complaints than objective medical findings." (*Id.* at 27, 29). The ALJ continued that Plaintiff's biggest concern was her recurrent kidney stones, which did not appear to be problematic after October 2013. (*Id.* at 27). The ALJ concluded that Dr. Laufer largely based his opinion on Plaintiff's pain complaints and there was no evidence to support Dr. Laufer's opinion that Plaintiff is capable of less than sedentary work. (*Id.* at 29).

Dr. Laufer treated Plaintiff from September 27, 2013 through October 24, 2014. (*Id.* at 1098-1178). Dr. Laufer noted that Plaintiff complained of joint pain, back pain, arthritis, and muscle aches. (*See id.* at 1098, 1102, 1110,1126, 1136, 1152, 1172). Dr. Laufer diagnosed Plaintiff with, *inter alia*, fibromyalgia. (*See id.* 1102, 1115, 1130, 1140).

Fibromyalgia has been treated differently than other diseases by the Eleventh Circuit. Fibromyalgia is a unique disease and "often lacks medical or laboratory signs, and is generally diagnosed mostly on an individual's described symptoms." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam*)*. Courts have held that a lack of objective findings alone is not sufficient to support an ALJ's rejections of a treating physician's findings as to a claimant's

8

functional limitations. *Daniel v. Colvin*, No. 2:12-cv-53-VEH, 2013 WL 5434571, at *4 (N.D. Ala. Sept. 27, 2013) (citing *Somogy v. Comm'r of Soc. Sec.*, 366 Fed. App'x 56, 64 (11th Cir. 2010)). Here, the ALJ discounted Dr. Laufer's opinion based upon the lack of objective findings. In this case, however, Dr. Laufer diagnosed Plaintiff with, *inter alia*, fibromyalgia. Thus, the Court finds that the lack of objective findings alone does not establish good cause to discount Dr. Laufer's opinion.

Second, the ALJ noted that Plaintiff saw Dr. Laufer over a year prior to the date of the decision. (*Id.* at 29). The ALJ discounted Dr. Laufer's opinion because of this time gap. (*Id.*). Even though Dr. Laufer had not seen Plaintiff for over a year, the ALJ did not cite to more recent medical records that showed that Plaintiff had improved from the time Dr. Laufer saw her. Thus, the Court finds that the ALJ's second reason does not constitute good cause to discount Dr. Laufer's opinion.

Third, the ALJ determined that Dr. Laufer's own treatment notes were not consistent with his opinion. (*Id.*). The ALJ provided the following example: Dr. Laufer noted Plaintiff's fibromyalgia and arthritis were severe by Plaintiff's own report, yet Dr. Laufer's physical examination of Plaintiff showed no neck tenderness, no clubbing, and no cyanosis of the extremities. (*Id.*). The ALJ did not explain why a finding of no neck tenderness, no clubbing, and no cyanosis of the extremities would contradict Plaintiff's complaints of widespread joint and muscle pain or would contradict Dr. Laufer's findings as to Plaintiff's limitations. Thus, the Court finds that the ALJ's third reason does not constitute good cause to discount Dr. Laufer's opinion.

Fourth, the ALJ summarily found that because Plaintiff did not exhibit the extreme exacerbations in the record that Dr. Laufer found, Dr. Laufer's opinion was not supported by or

9

consistent with the overall medical evidence of record.  (*Id.*).  The ALJ did not specify how Dr. Laufer's opinion was inconsistent with the overall medical evidence of record.  (*See id.* at 29).  Further, some of the medical evidence supports Dr. Laufer's opinion, including that Plaintiff has a history of suffering from, *inter alia*, fibromyalgia, severe fatigue, irritable bowel syndrome, restless leg syndrome, and insomnia.  (Tr. at 994, 999).  Further, medical records show that Plaintiff had tender points in many areas.  (*Id.* at 999).  Thus, the Court finds that the ALJ's fourth reason does not constitute good cause to discount Dr. Laufer's opinion.

Accordingly, the Court finds that the ALJ erred in failing to show good cause to afford minimal weight to Dr. Laufer's opinion and, thus, the ALJ's decision is not supported by substantial evidence.

## III.   Conclusion

Upon consideration of the submission of the parties and the administrative record, the Court finds that the decision of the Commissioner is not supported by substantial evidence.

**IT IS HEREBY ORDERED:**

(1)   The decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider Michael Laufer's medical records and opinion.

(2)   If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

(3)   The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE AND ORDERED** in Fort Myers, Florida on September 10, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties